## IN RE CERTIFICATES OF INDEBTEDNESS.

1. EXECUTIVE QUESTIONS.
When the question presented fails to express a doubt as to the constitutionality of an act concerning which it is propounded, the court will not express an opinion thereon.

2. STATUTORY CONSTRUCTION.
In the absence of constitutional objection, it is held that the act approved April 7, 1893, (Sess. Laws, 1893, p. 73,) authorizes the state auditor to issue certificates of indebtedness against the capitol building fund upon the certificate of the board of capitol managers.

THE opinion is in response to the following communication and interrogatory from the Governor:

" To the Honorable, the Supreme Court of Colorado :

" The ninth general assembly passed an act which was approved April 7, 1893, providing for the completion of the state capitol building, and payment for the same.   A copy of the said act I herewith inclose.

" It has come to my knowledge that the completion of the said capitol building will probably be delayed, to the great injury of the state, in case the certificates of indebtedness, provided by said act, should not be regularly issued — or should be issued without the necessary preliminary steps having been taken.

" I am also credibly informed that these certificates of indebtedness, if regularly issued, can be sold at par in the market, and funds thereby provided for the completion of the capitol building.

" A question has arisen as to what shall be a sufficient voucher authorizing the auditor to issue these certificates of indebtedness, and upon the decision of this question depends the negotiability of the same, and the consequent completion of the capitol building; and I am further assured that before

these certificates, of indebtedness can be sold in the market, as aforesaid, the opinion of your honorable court upon the question hereinafter submitted is essential and indispensable.

"I therefore certify that the said question is important to the carrying on of one of the most important public improvements within the state, to wit: the completion of the state capitol building, and arises on a solemn occasion, affecting the credit to be given to the certificates of indebtedness of the state, and requires the opinion of the supreme court in order to determine a question of public policy.

"I therefore request the opinion of the Honorable Court in answer to the following question:

"'Does the said act authorize the state auditor to issue certificates of indebtedness against the capitol building fund upon the certificate of the board of capitol managers?'

"I have the honor to be very respectfully, your obedient servant,                                DAVIS H. WAITE,
                                   "Governor of Colorado."

PER CURIAM.   As neither the question presented, nor the preamble, suggests any doubt as to the constitutionality of the act referred to, we express no opinion as to its constitutionality.

By the express terms of the act, the auditor is "directed to issue certificates of indebtedness against the capitol building fund for all claims duly audited and certified by the state board of capitol managers, for material furnished and labor performed." Session Laws 1893, p. 73.

In the absence of constitutional objection, it is apparent that an affimative answer must be given to the question propounded.